# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DUCALA, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-08-408-SPS |
| ) | |
| JACK CORMAN, ) | |
| ) | |
| Defendant. ) | |

## OPINION AND ORDER GRANTING DEFENDANT'S MOTION FOR COSTS BUT DENYING DEFENDANT'S MOTION FOR ATTORNEYS' FEES

The Plaintiff Ducala, Inc. sued to quiet title to leased minerals and obtain related declaratory relief pursuant to 28 U.S.C. § 2201, including a declaration invalidating the Defendant Jack Corman's conflicting mineral interests as violative of the Oklahoma Production Revenue Standards Act, 52 Okla. Stat. §§ 570.1-570.15 (the "PRSA"). *See* 52 Okla. Stat. § 570.11 ("Terms of a division order which conflict with the terms of any oil and gas lease are invalid, unless previously agreed to by the affected parties."). The Court granted summary judgment to Corman, *see* Docket No. 47, and he moved for costs pursuant to Fed. R. Civ. P. 54 and for attorneys' fees pursuant to the PRSA. *See* 52 Okla. Stat. § 570.14(C)(2) ("The prevailing party in any court proceeding brought pursuant to the Production Revenue Standards Act shall be entitled to recover the costs of the suit, including but not limited to reasonable attorney and expert witness fees."). For the reasons set forth below, the Court finds that the Defendant's Motion for Costs [Docket No. 49] should be GRANTED, but the Defendant's Motion for Attorneys' Fees and Brief in Support [Docket No. 48] should be DENIED.

Federal law governs a prevailing party's entitlement to costs other than attorneys' fees. *See* Fed. R. Civ. P. 54(d)(1) ("Unless a federal statute, these rules, or a court order provides otherwise, costs--other than attorney's fees--should be allowed to the prevailing party."). Ducala does not object to the Defendant's Motion to Tax Costs and Brief in Support [Docket No. 49], and it is hereby GRANTED. *See* E.D.Okla. L. Civ. R. 54.1(b), (d) ("Objections to the allowance of costs must be filed within fourteen (14) days from the date the bill of costs was filed . . . If a bill of costs is properly and timely filed and no written objection thereto is filed within the time herein specified, the claimed costs may be allowed in full."). The Clerk of Court shall review Corman's Bill of Costs [Docket No. 50], *see* Fed. R. Civ. P. 54(d)(1) ("The clerk may tax costs on 14 days' notice. On motion served within the next 7 days, the court may review the clerk's action."), and tax costs against Ducala as allowed by law. *See generally* 28 U.S.C. § 1920 ("A judge or clerk of any court of the United States may tax as costs the following: (1) Fees of the clerk and marshal; (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) Fees and disbursements for printing and witnesses; (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; (5) Docket fees under section 1923 of this title; (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title. A bill of costs shall be filed in the case and, upon allowance, included in the judgment or decree.").State law, on the other hand, governs a prevailing party's

entitlement to attorneys' fees in a case such as this, where jurisdiction is founded upon diversity of citizenship pursuant to 28 U.S.C. § 1332. *See Boyd Rosene & Associates, Inc. v. Kansas Municipal Gas Agency*, 123 F.3d 1351, 1352 (10th Cir. 1997) ("[I]n this circuit, the matter of attorney's fees in a diversity suit is substantive and is controlled by state law."). "Under Oklahoma law, as a general rule, the trial court may award attorney fees only when empowered to do so under the terms of an enforceable contract or by statute, or where certain equitable factors exist[.]" *Burrows Construction Co. v. Independent School District No. 2 of Stephens County,* 1985 OK 57, ¶ 12, 704 P.2d 1136, 1137 n. 2 [citations omitted]. *See also Kay v. Venezuelan Sun Oil Co.,* 1991 OK 16, ¶ 5, 806 P.2d 648, 650 ("The American Rule is firmly established in this jurisdiction. That is, each litigant bears the cost of his/her legal representation and our courts are without authority to assess and award attorney fees in the absence of a specific statute or a specific contract therefor between the parties."). There was no contract here between the parties, and Corman does not seek attorneys' fees for equitable reasons. But Corman *does contend* that the PRSA provides statutory for the recovery of attorneys' fees in this case. *See* 52 Okla. Stat. § 570.14(C)(2) ("The prevailing party in any court proceeding brought pursuant to the Production Revenue Standards Act shall be entitled to recover the costs of the suit, including but not limited to reasonable attorney and expert witness fees.").

      The Court does not agree. An action "brought pursuant to" the PRSA is either an action for damages or for specific performance. *See* 52 Okla. Stat. § 570.14(C) ("Any

owner injured in business or property by reason of any action in violation of the provisions of the Production Revenue Standards Act shall have the right to . . . [r]ecover actual damages so sustained . . . and . . . [o]btain specific performance where equitable."). Ducala sought neither damages nor specific performance; Ducala brought suit to quiet its title to the mineral interests in dispute between the parties, and sought declaratory relief only to the extent related thereto, *e. g.*, a declaration that Corman's division orders were invalid under Section 570.11 because they conflicted with Ducala's leases. Further, while Corman undoubtedly did prevail on Ducala's quiet title action, he was able to do so without having to demonstrate non-liability under the PRSA. *See Shanbour v. Phillips 66 Natural Gas Co.,* 1993 OK 128, ¶ 9, 864 P.2d 815, 818 ("The claim by the appellants was that the appellee failed to pay the royalties due. They asked for an accounting. The summary judgment in favor of the appellee revealed that it did not owe any payments to the appellants. By demonstrating that it did not owe royalties to the appellants, the appellee became the prevailing party pursuant to the statute, and were entitled to court costs and reasonable attorney's fees.").

Fee-shifting statutes are to be strictly applied under Oklahoma law, *see, e*. g., *Beard v. Richards,* 1991 OK 117, ¶ 12, 820 P.2d 812, 816 ("Liberal application of statutes authorizing prevailing party attorney fees has a chilling affect on our [state constitutional] open access to the courts guarantee. Accordingly, statutes authorizing prevailing party attorney fees are strictly applied by this Court."), *citing Kay,* 1991 OK 16 at ¶ 5, 806 P.2d at 650, and the claims in this case clearly do not fall within the strict

confines of 52 Okla. Stat. § 570.14(C)(2).  For these reasons, the Court finds that Section 570.14(C)(2) *does not* authorize an award of attorneys' fees in this case.  *See Fulsom v. Fulsom,* 2003 OK 96, ¶ 8, 81 P.3d 652, 655 ("For an award of attorney fees to be authorized under a particular statute the authorization must be found within the strict confines of the involved statute."), *citing Beard,* 1991 OK 117 at ¶ 13, 820 P.2d at 816. Accordingly, the Defendant's Motion for Attorneys' Fees and Brief in Support [Docket No. 48] is hereby DENIED.

In summary, the Defendant's Motion to Tax Costs and Brief in Support [Docket No. 49] is hereby GRANTED, but the Defendant's Motion for Attorneys' Fees and Brief in Support [Docket No. 48] is hereby DENIED.

**IT IS SO ORDERED** this 17th day of June, 2010.

_____
**STEVEN P. SHREDER**
**UNITED STATES MAGISTRATE JUDGE**